TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and
potential Rule 23 Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

-------------------------------------------------------------------x

CHUN LIN JIANG,
*on his own behalf and on behalf of others similarly
situated*

                                 Plaintiff,

                                 v.

TOKYO II STEAK HOUSE, INC.
    d/b/a Tokyo Japanese Steak House;
KOBE JAPANESE STEAKHOUSE, INC.
    f/k/a Tokyo Steak Hose Inc
    d/b/a Tokyo Japanese Steak House;
SHOGUN JAPANESE STEAK HOUSE, INC
    d/b/a Bisuteki Tokyo
    d/b/a Bisuteki Tokyo Japanese Steak House; and
TOKYO III STEAK HOUSE, INC
    d/b/a Tokyo Japanese Steak House;
GUANGLONG LIN
    a/k/a Guang Long Lin
    a/k/a David Lin,
XIONGWEN LI
    a/k/a Xiong Wen Li, and
ZILAN ZHANG
    a/k/a Zi Lan Zhang

                             Defendants.

-------------------------------------------------------------------x

**Case No. 21-cv-11732**

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**<u>COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

        Plaintiff CHUN LIN JIANG (hereinafter referred to as Plaintiff), on behalf of himself and

others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this

complaint against Defendants TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak

House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Toyko Steak House Inc d/b/a Tokyo

Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a

Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese

Steak House, GUANGLONG LIN a/k/a GUANG LONG LIN a/k/a DAVID LIN, XIONG WEN

LI, and ZILAN ZHANG A/K/A ZI LAN ZHANG, and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff CHUN LIN JIANG, on behalf of himself

as well as other employees similarly situated, against the Defendants for alleged violations of

the Fair Labor Standards Act and the Massachusetts General Law (MGL), arising from

Defendants' various willful, malicious, and unlawful employment policies, patterns and

practices.

2.      Upon information and belief, Defendants have willfully, maliciously, and

intentionally committed widespread violations of the FLSA and Massachusetts General Law

(MGL)by engaging in pattern and practice of failing to pay its employees, including Plaintiff

CHUN LIN JIANG, minimum wage for each hour worked and overtime compensation for all

hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the

Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages,

(3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff CHUN LIN JIANG further alleges pursuant to Massachusetts General

Law (MGL) Chapter 149 § 148, § 150 and Chapter 151 § 1A, individually and on behalf of

similarly situated employees, that he is entitled to recover from the Defendants: (1) treble

damages should Plaintiff prevail in his wage-and-hour lawsuit to recover (a) unpaid wages,

(b) unpaid minimum wage compensation, (c) unpaid overtime wage compensation, (2) 12%

simple pre and post judgment interest provided by MGL Chapter 231 § 6B, and (3) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) AND 28 U.S.C. § 1331. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

6.      Plaintiff CHUN LIN JIANG was employed by Defendants to work as a Master Teriyaki Chef at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House located at 1201 Broadway Saugus, MA 01906.

## DEFENDANTS

### *Corporate Defendants*

7.      Defendant TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House is a domestic business corporation organized under the laws of the State of New York with a principal address at 1201 Broadway Saugus, MA 01906.

8.      TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

9.      TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House purchased and handled goods moved in interstate commerce.

10.     Defendant KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House is a domestic business corporation organized under the laws of the State of New York with a principal address at 250 Granite St, Braintree, MA 02184.

11.     KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

12.     KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc., d/b/a Tokyo Japanese Steak House purchased and handled goods moved in interstate commerce.

13.     Defendant SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House is a domestic business corporation organized under the laws of the State of Massachusetts with a principal address at 777 Memorial Drive, Cambridge, MA 02139.

14.     SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

15.     SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House purchased and handled goods moved in interstate commerce.

16.     Defendant TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House is a domestic business corporation organized under the laws of the State of Massachusetts with a principal address at 199 Bolyston Street, Newton, MA 02467.

17.     TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House is a business

engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

18.    TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House purchased and handled goods moved in interstate commerce.

### *Owner/Operator Defendants*

19.    The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

20.    Upon information and belief, GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin, known as "Owner" to Plaintiff and the President of all the Corporate Defendants on the Certificate of Incorporations, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House.

21.    GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin actually hired the Plaintiff

22.    GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin actually supervised the Plaintiff

23.     GUANGLONG LIN a/k/a Guong Long Lin a/k/a David Lin actually paid the Plaintiff

24.     GUANGLONG LIN a/k/a Guong Long Lin a/k/a David Lin actually fired the Plaintiff

25.     GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House .

26.     Upon information and belief XIONGWEN LI a/k/a Xiong Wen Li, Shareholder to the companies, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House.

27.     XIONGWEN LI a/k/a Xiong Wen Li acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable

with TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House .

28.     Upon information and belief ZILAN ZHANG a/k/a Zi Lan Zhang, Shareholder to the companies and Director on the Certificate of Incorporation for TOKYO III STEAK HOUSE, INC d/b/a Tokyo Japanese Steak House, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House.

29.     ZILAN ZHANG a/k/a Zi Lan Zhang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House .

## STATEMENT OF FACTS

## Defendants Constitute an Enterprise.

30.     Upon information and belief, Corporate Defendants TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as they share staff, including Plaintiff, pay Plaintiff for the work performed at the enterprise no matter what location they worked; advertise the Corporate Defendants as an enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

31.     At all times relevant herein, TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House  was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

32.     Additionally, Corporate Defendants share the same website that has all the different Corporations with their address and contact information listed on the website.

33.     Additionally, Defendant GUANGLONG LIN a/k/a Guang Long Lin a/k/a David Lin is the President, Treasurer, Secretary and Director for all of the Corporations according to their Certificate of Incorporations

34.     Additionally, Plaintiff worked at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo

Japanese Steak House located at 1201 Broadway but would occassionally help out at Defendant KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House located at 250 Granite St.

35.     Additionally, Da Lin, a Terayaki Chef, began working at KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House located at 250 Granite St but was later transferred to SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House located at 777 Memorial Drive and further transferred to TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House located at 1201 Broadway for a couple of months before going back to SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House located at 777 Memorial Drive.

36.     Additionally, Hunter, another Terayaki Chef, began working at SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House located at 777 Memorial Drive and was transferred to KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House located at 250 Granite St. and further transferred to TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House located at 1201 Broadway before being transferred back to KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House located at 250 Granite St.

37.     Additionally, Cai Ge, a Hot Pot Big Chef, during his employement was scheduled to work at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House located at 1201 Broadway; TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House located at 199 Boylston St.; and KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak

House Inc. d/b/a Tokyo Japanese Steak House located at 250 Granite St concurrently, having 4 days at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; 1 day at KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House and 1 day at TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House

38.     Additionally, Leo, a Sushi Chef, during his employement was scheduled to work at KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House located at 250 Granite St and TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House located at 1201 Broadway concurrently, having 4 days at KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; and 1 day at TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House.

39.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by TOKYO II STEAK HOUSE, INC. d/b/a Tokyo Japanese Steak House; KOBE JAPANESE STEAKHOUSE, INC. f/k/a Tokyo Steak House Inc. d/b/a Tokyo Japanese Steak House; SHOGUN JAPANESE STEAK HOUSE, INC d/b/a Bisuteki Tokyo d/b/a Bisuteki Tokyo Japanese Steak House; and TOKYO III STEAK HOUSE d/b/a Tokyo Japanese Steak House .

## Wage and Hour Claims

40.     Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

41.     Pursuant to M.G.L. Ch. 149 §152A, an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

42.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to

pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

43.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

45.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

46.     At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

### *Plaintiff CHUN LIN JIANG*

47.     From on or about May 01, 2014 to June 03, 2021, Plaintiff CHUN LIN JIANG was employed by Defendants to work as a Master Teriyaki Chef at 1201 Broadway Saugus, MA 01906.

48.     From on or about May 01, 2014 to June 03, 2021, during the time of his employment, Plaintiff CHUN LIN JIANG would sporatically work at 250 Granite St. Braintree MA, 02184.

49.     During his time of employement, Plaintiff CHUN LIN JIANG did not work from January 20, 2018 to June 30, 2018, and from March 17, 2020 to June 17, 2020

50.     From on or about May 01, 2014 to January 19, 2018, Plaintiff CHUN LIN JIANG's regular work schedule ran as follows:

   a.  From 11:10 to 22:00 Sunday through Thursday, with one day off not fixed, for four (4) days a week without any lunch break for eleven (11) hours a day.

   b.  From 11:10 to 23:00 Fridays and Saturdays from 11:10 to 23:00 for two (2) days a week without any lunch break for about twelve (12) hours a day.

   c.  Additioanlly, for every shift that Plaintiff was required to work, Plaintiff was required to stay 15-30 minutes after his shift every day to wait for the company car.

   d.  Totally, Plaintiff worked a total of Seventy and a quarter (70.25) hours a week.

51.     From on or about January 20, 2018 to June 30, 2018, Plaintiff CHUN LIN JIANG did not work at the restaurant.

52.     From on or about July 01, 2018 to March 16, 2020, Plaintiff CHUN LIN JIANG's regular work schedule ran as follows:

   a.  From 11:10 to 22:00 Sunday through Thursday, with one day off not fixed, for four (4) days a week without any lunch break for eleven (11) hours a day.

   b.  From 11:10 to 23:00 Fridays to Saturdays for two (2) days a week without any lunch break for about twelve (12) hours a day.

   c.  Additionally, for every shift that Plaintiff had to work was required to stay 15-30 minutes after his shift every day to wait for the company car.

   d.  Totally, Plaintiff worked a total of Seventy and a quarter (70.25) Hours per week.

53.     From on or about March 17, 2020 to June 17, 2020, Plaintiff CHUN LIN JIANG did not work at the restaurant.

54.     From on or about June 18, 2020 to June 03, 2021, Plaintiff CHUN LIN JIANG's regular work schedule ran as follows:

    a.  From 11:10 to 22:00 Sunday through Thursday, with one day off not fixed, for four (4) days a week without any lunch break for eleven (11) hours a day.

    b.  From 11:10 to 23:00 Fridays to Saturdays from for two (2) days a week without any lunch break for about twelve (12) hours a day.

    c.  Additioanlly, for every shift that plaintiff worked, Plaintiff was required to stay 15-30 minutes after his shift every day to wait for the company car.

    d.  Totally, Plaintiff worked a total of Seventy and a quarter (70.25) Hours per week.

55.     At all relevant times, Plaintiff CHUN LIN JIANG did not have a fixed time for lunch or for dinner

56.     From on or about May 01, 2014 to June 03, 2021, excluding the times that Plaintiff did not work for Defendants, Plaintiff CHUN LIN JIANG was paid a flat compensation rate of Three Thousand Two Hundred Dollars ($3,200.00) per month.

57.     At all relevant times, Plaintiff CHUN LIN JIANG was not paid overtime pay for overtime work

58.     At all relevant times, Plaintiff CHUN LIN JIANG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

59.     Further, at all relevant times, Plaintiff CHUN LIN JIANG had to help out with the Hot Pot

60.     Throughout his employment, Plaintiff CHUN LIN JIANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions

made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

61.    Throughout his employment, Plaintiff CHUN LIN JIANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

62.    Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

63.    Plaintiff brings his MGL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

64.    All said persons, including Plaintiff CHUN LIN JIANG, are referred to herein as the "Class."

65.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from

Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### Numerosity

66.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### Commonality

67.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

> a.  Whether Defendants employed Plaintiff and the Class within the meaning of the Massachusetts law;
>
> b.  Whether Defendants failed to pay Plaintiff and the Class promised wages for work for Defendants;
>
> c.  Whether Plaintiff and Class Members are paid at least the minimum wage for each hour worked under the Massachusetts General Law;
>
> d.  Whether Plaintiff and Class Members are entitled to and paid overtime under the Massachusetts General Law; and
>
> e.  At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class Members for their work.

### Typicality

68.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

69.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

70.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71.     Upon information and belief, Defendants and other employers throughout the state violate M.G.L. c. 149, § 148 and M.G.L. c. 151 § 1A. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage Brought on Behalf of the Plaintiff and the FLSA Collective]

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     At all relevant times, Defendants had a policy and practice of refusing to pay the

statutory minimum wage to Plaintiff and the similarly situated Collective Action Members for some or all of the hours that they worked.

74.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

75.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage for each hour worked when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

## COUNT II.
### [Violations of the Massachusetts General Law—Nonpayment of Wages Brought on Behalf of the Plaintiff and the Rule 23 Class]

76.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the Massachusetts General Law.

78.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff wages, in violation of MGL Chapter 149 § 148.

79.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

80.     An employer who fails to pay wages when they are due shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT III.
**[Violations of the Massachusetts General Law—Failure to Pay Minimum Wage
Brought on Behalf of the Plaintiff and the Rule 23 Class]**

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82.     At all relevant times, Plaintiff was employed by Defendants within the meaning of Massachusetts General Law.

83.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the Class Members, for some or all of the hours they worked.

84.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay minimum wages in the lawful amount for hours worked.

85.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## COUNT IV.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on Behalf of the Plaintiff and the FLSA Collective]**

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC § 207(a).

88.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

89.     Defendants' failure to pay Plaintiff and the Collective Action Members overtime violated the FLSA.

90.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

91.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

92.     Defendants willfully failed to notify Plaintiff and Collective Action Members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and the Collective Action Members' labor.

93.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

### COUNT V.
### [Violations of the Massachusetts General Law —Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Rule 23 Class]

94.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     At all relevant times, Defendants had a policy and practice of refusing to pay the

overtime compensation to Plaintiff at one and one-half times the hourly rate to which the Plaintiff and the Class are entitled.

96.     Defendant' failure to pay Plaintiff overtime violated the MGL Chapter 151 §§ 1A and 1B.

97.     Defendants' failure to pay Plaintiff was not in good faith.

98.     An employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for treble damages under Treble Damages Law, and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff CHUN LIN JIANG and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA, M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1A, 1B and 20;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and Massachusetts Law due to Plaintiff CHUN LIN JIANG and the Collective Action members plus compensatory and liquidated damages.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.


Dated: Flushing, New York

October 22, 2021

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*


/s/ Tiffany Troy_____
Tiffany Troy