# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

----------------------------------------------------------------x

CHUN LIN JIANG,
*on his own behalf and on behalf of others similarly situated*

                      Plaintiff,

                  v.

SHOGUN JAPANESE STEAK HOUSE, INC
    d/b/a Bisuteki Tokyo
    d/b/a Bisuteki Tokyo Japanese Steak House; and

                  Defendant.

----------------------------------------------------------------X

Case No. 21-cv-11732

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SHOGUN JAPANESE STEAK HOUSE, INC'S FIRST SET OF INTERROGATORIES**

      Plaintiff CHUN LIN JIANG, by the undersigned counsel, Tiffany Troy of TROY LAW, PLLC, pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, hereby provides responses and objections to Defendant SHOGUN JAPANESE STEAK HOUSE, INC's first set of interrogatories as follows:

### RESPONSES TO INTERROGATORIES

      **INTERROGATORY NO 1.** State your full name, date of birth, business address(es), business telephone number(s), residential address(es), residential telephone number(s), current cellular telephone number(s), and any instant messaging screenname(s) or username(s), e-mail address(es), and social or professional networking account name(s) or username(s), used by you at any time in the past 5 years.

      **RESPONSE NO 1:** Plaintiffs object to the above request on the grounds that such request falls outside the scope of discovery. To be discoverable, social or professional networking account must be relevant to the claims. Several courts have found that the contents of a plaintiff-employee's social media profile, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries during a relevant time period) are relevant and discoverable in employment cases which include claims of emotional distress, when they "reveal, [*9] refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state." *E.E.O.C. v. Simply Storage Mgmt., LLC* (270 F.R.D. 430, 435 (S.D. Ind. 2010)). Moreover, the court must now define the permissible scope of this type of discovery in cases like the above-captioned since "[i]t is reasonable to expect severe emotional or mental injury to manifest itself in some [social networking site] content ...." *Simply Storage*, 270 F.R.D. at 435. To that effect, the court agrees with other district courts' conclusion that social media content that is reflective of a person's emotional state is

relevant and discoverable when the same has been placed at issue. *Moll*, 2016 U.S. Dist. LEXIS 145254, 2016 WL 6095792 at *5 (citing *Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 U.S. Dist. LEXIS 24969, 2015 WL 893663, at *7 (E.D.N.Y. Feb. 25, 2015); *Reid v. Ingerman Smith LLP*, No. CV 2012-0307, 2012 U.S. Dist. LEXIS 182439, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012)).(*Rodriguez-Ruiz v. Microsoft Operations P.R., LLC*, No. 18-1806 (PG), 2020 U.S. Dist. LEXIS 39681 (D.P.R. Mar. 5, 2020)(ordering plaintiff to produce social media content because the defendant demonstrated plaintiff to have an emotional distress, or significant mental state that are reflected in plaintiff's social media and plaintiff's claims). Here, in this case, plaintiff do not claim any of emotional distress or produced a significant emotion, feeling or mental state that were shared to plaintiff's social media. Plaintiff only brought a wage and hour case in which plaintiff's right of the wage were violated by the defendant. Therefore, based on the permissible scope of the discovery, it will not lead to an admissible evidence because defendant did not demonstrate the relation between plaintiff's social media and plaintiff's claims.

Subject to the above objection and not withstanding it, plaintiffs state that plaintiff's full name is Chun Lin Jiang.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 2** Describe in detail the efforts you undertook to locate documents in response to these Interrogatories and Defendant's contemporaneously served Requests for Production.

**RESPONSE NO 2** Plaintiff objects to the above request on the grounds that the request asks for information that is time consuming and expensive on Plaintiff. Plaintiff further objects to this interrogatory on the grounds that the requested information is not relevant to the subject matter of this case and hence not discoverable.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 3** Identify all persons whom you believe have knowledge, information, or documents regarding the claims asserted in this Action, describe the knowledge or information that you believe each such person has, and identify the document(s) that you believe each such person has.

**RESPONSE NO 3** Plaintiff objects to the above request on the grounds that the requested information is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objection and notwithstanding, plaintiff states that the names here would have knowledge or information regarding the defendants' practices and policies. The names are Mike, Leo, Xiami 虾米, Jenny, Ruben, Angelica, and Boba.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 4** Identify all documents that support, discredit, or relate to the allegations in the Complaint.

**RESPONSE NO 4** Plaintiff objects to the above request on the grounds that the requested information is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objection and notwithstanding, Plaintiff directs defendants to their Document Production for all the documents they plan to use to support or relate to the allegations in the complaint.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 5** Identify each person with whom you have communicated about the allegations in your Complaint or your alleged employment at Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Tokyo III Steak House Inc. and/or Shogun Japanese Steak House, Inc.

**RESPONSE NO 5** Plaintiff objects to this interrogatory on the grounds that the that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, Plaintiff states he talked about the case only to Yao Mei Liu.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 6** For each person identified in response to Interrogatory 5, identify each communication with that person concerning the allegations in your Complaint, including in your answer, without limitation, the date of the communication, the nature of the communication (for example, verbal, text message, e-mail, etc.), and a summary of the communication.

**RESPONSE NO 6** Plaintiff objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, Plaintiff states he talked about the case only to Yao Mei Liu verbally.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 7** To the extent you allege that you performed work at Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Tokyo III Steak House Inc. and/or Shogun Japanese Steak House, Inc., identify the following:
    a.    Any individual(s) who hired you;

      b.      The date of your hire;

      c.      The manner in which it was communicated to you that you were allegedly hired; and

      d.      The last date of your alleged employment.

**RESPONSE NO 7** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the employment records including the above requested information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, Plaintiff states that he was hired on or about May 1, 2014 by Guanglong Lin, by phone. Plaintiff states that his last date of his employment was on or about June 03, 2021.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 8** Describe your ownership interest or stake in any of the following entities: Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Shogun Japanese Steak House, Inc., and/or Tokyo III Steak House Inc.

**RESPONSE NO 8** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the business records including the above requested information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, Plaintiff states that he does not have any ownership interest or stake in Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Shogun Japanese Steak House, Inc., and/or Tokyo III Steak House Inc.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 9** Identify all dates and times that you alleged to have performed work at any of the following entities: Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Tokyo III Steak House Inc. and Shogun Japanese Steak House, Inc.

**RESPONSE NO 9** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the employment records including the above requested information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, plaintiff states that he worked for defendants from on or about May 01, 2014 to June 03, 2021. At all times that plaintiff worked with defendants from on or about May 01, 2014, to June 03, 2021, plaintiff Chun Lin Jiang

worked from 11:00 to 22:00, for eleven (11) hours per day Sunday through Thursday with one day off; and 11:10 to 23:00 for twelve (12) hours per day Friday and Saturday. Totally, plaintiff worked seventy and a quarter (70.25) hour per week.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 10** Describe the work you allegedly performed at the following entities: Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Tokyo III Steak House Inc. and Shogun Japanese Steak House, Inc.

**RESPONSE NO 10** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the employment records including the above requested information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, Plaintiff states he worked as a Master Teriyaki Chef, it includes preparing and ordering the ingredients, and inspecting the delivered goods.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 11** Identify how you were compensated for any work you allegedly performed for Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Tokyo III Steak House Inc. and/or Shogun Japanese Steak House, Inc. Include in your response:
a. The manner in which you were compensated.
b. The date(s) on which received compensation.
c. The individual(s) who provided you with compensation.

**RESPONSE NO 11:** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the employment records including the above requested information.

Plaintiff further objects to the above request on the grounds that the requested information is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objection and notwithstanding, plaintiff CHUN LIN JIANG states that he was compensated with cash between the 2nd to the 6th date of the month by the Defendants during his time of employment. Plaintiff was paid by defendant Guanglong Lin during his employment with defendants.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 12** Have you ever been arrested, been indicted, been charged with, pled guilty to (including with respect to suspended imposition of sentence pleas),

participated in a diversion program, or been convicted of any crime (other than minor traffic tickets).

**RESPONSE NO 12** Plaintiff objects on the grounds that such request for criminal history is outside the scope of discovery. Here, it is clear that Plaintiff brought this action against the defendants for alleged violation of the Fair Labor Standards Act and the Massachusetts General Law, arising from defendant's various willful, malicious, and unlawful employment policies, patterns and practices, or in short, wage and hour, not for criminal actions allegations. "The scope of discovery, unless limited by court order, extends to "any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery bears the initial burden of showing that the information he seeks is relevant and not privileged. See *Caouette v. OfficeMax, Inc*., 352 F. Supp. 2d. 134, 136 (D.N.H. 2005); *Saalfrank v. Town of Alton*, Civ. No. 08-cv-46-JL, 2009 U.S. Dist. LEXIS 100111, 2009 WL 3578459, at *3 (D.N.H. Oct. 27, 2009). The movant must also…provide the request and response that is the subject of the motion… *Saalfrank v. Town of Alton*, Civ. No. 08-cv-46-JL, 2010 U.S. Dist. LEXIS 19909, 2010 WL 839884, at *13 (D.N.H. March 5, 2010). "Defendants have not explained how…criminal charges…would be relevant to this claim or a defense to this claim." It is defendants' burden to demonstrate that the requested discovery is relevant to a claim or defense (denying defendant's discovery demands on plaintiff's criminal charges history due to defendant's failure to show requested discovery is relevant to the case). (*Frank v. City of Manchester*, No. 09-cv-389-PB, 2010 U.S. Dist. LEXIS 125692 (D.N.H. Nov. 15, 2010)). Therefore, the requested interrogatory will not lead to an admissible evidence.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 13** If you have ever been arrested, been indicted, been charged with, pled guilty to (including with respect to suspended imposition of sentence pleas), participated in a diversion program, or been convicted of any crime (other than minor traffic tickets), then describe each such offense by stating: the offense; the date and place of such arrest or offense; the date of any charge, plead, diversion, or conviction; the nature of the allegations against you; and the jurisdiction and court case number.

**RESPONSE NO 13** Plaintiff objects on the grounds that such request for criminal history is outside the scope of discovery. Here, it is clear that Plaintiff brought this action against the defendants for alleged violation of the Fair Labor Standards Act and the Massachusetts General Law, arising from defendant's various willful, malicious, and unlawful employment policies, patterns and practices, or in short, wage and hour, not for criminal actions allegations. "The scope of discovery, unless limited by court order, extends to "any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery bears the initial burden of showing that the information he seeks is relevant and not privileged. *See Caouette v. OfficeMax, Inc*., 352 F. Supp. 2d. 134, 136 (D.N.H. 2005); *Saalfrank v. Town of Alton*, Civ. No. 08-cv-46-JL, 2009 U.S. Dist. LEXIS 100111, 2009 WL 3578459, at *3 (D.N.H. Oct. 27, 2009). The movant must also…provide the request and response that is the subject of the motion… *Saalfrank v. Town of Alton*, Civ. No. 08-cv-46-JL, 2010 U.S. Dist. LEXIS 19909, 2010 WL 839884, at *13 (D.N.H. March 5, 2010). "Defendants have not explained how…criminal charges…would be relevant to this claim or a defense to this claim." It

is defendants' burden to demonstrate that the requested discovery is relevant to a claim or defense (denying defendant's discovery demands on plaintiff's criminal charges history due to defendant's failure to show requested discovery is relevant to the case). (*Frank v. City of Manchester*, No. 09-cv-389-PB, 2010 U.S. Dist. LEXIS 125692 (D.N.H. Nov. 15, 2010)). Therefore, the requested interrogatory will not lead to an admissible evidence.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 14** Are you married to Yao Mei Liu. If you are married to Yao Mei Liu, identify the dates of your marriage, dates of separation (if any), and the date of divorce or termination of that marriage (if any).

**RESPONSE NO 14** Plaintiff objects to the above request on the grounds that the requested information is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Plaintiff further objects this interrogatory on the grounds that such request is a form of violation to Plaintiff's right of privacy. "…unlawfully forced him to reveal information about his marriage, family life, family history, other personal relationships, as well as his innermost private thoughts. This is precisely the type of information which the constitutional right to privacy protects..." See *Whalen v. Roe*, 429 U.S. 589, 598-604 (1977); *Roe v. Wade*, 410 U.S. 113, 152-56 (1973). (*Daury v. Smith*, Civil Action No. 84-0314-F, 1987 U.S. Dist. LEXIS 6400 (D. Mass. July 15, 1987)).

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 15** Identify each document that you expect to introduce at a trial of this matter, each document that you expect to rely on in preparation for trial of this Action, and each document that you intend to use for impeachment purposes at such trial.

**RESPONSE NO 15** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the employment records including the above requested information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, Plaintiff directs defendants to his document production for documents that he intends to introduce at trial on the matter and documents that he plans to reply on for preparation in the trial.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 16** Identify each person whom you expect to call as a witness at trial and provide each individual(s) name, home address, mailing address, and telephone number.