# EXHIBIT 4

F.R.D. 430, 435 (S.D. Ind. 2010)). Moreover, the court must now define the permissible scope of this type of discovery in cases like the above-captioned since "[i]t is reasonable to expect severe emotional or mental injury to manifest itself in some [social networking site] content ...." *Simply Storage*, 270 F.R.D. at 435. To that effect, the court agrees with other district courts' conclusion that social media content that is reflective of a person's emotional state is relevant and discoverable when the same has been placed at issue. Moll, 2016 U.S. Dist. LEXIS 145254, 2016 WL 6095792 at *5 (citing *Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 U.S. Dist. LEXIS 24969, 2015 WL 893663, at *7 (E.D.N.Y. Feb. 25, 2015); *Reid v. Ingerman Smith LLP*, No. CV 2012-0307, 2012 U.S. Dist. LEXIS 182439, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012)).(*Rodriguez-Ruiz v. Microsoft Operations P.R., LLC*, No. 18-1806 (PG), 2020 U.S. Dist. LEXIS 39681 (D.P.R. Mar. 5, 2020)(ordering plaintiff to produce social media content because the defendant demonstrated plaintiff to have an emotional distress, or significant mental state that are reflected in plaintiff's social media and plaintiff's claims). Here, in this case, plaintiff do not claim any of emotional distress or produced a significant emotion, feeling or mental state that were shared to plaintiff's social media. Plaintiff only brought a wage and hour case in which plaintiff's right of the wage were violated by the defendant. Therefore, based on the permissible scope of the discovery, it will not lead to an admissible evidence because defendant did not demonstrate the relation between plaintiff's social media and plaintiff's claims.

Subject to the above objection and not withstanding it, Plaintiffs state he does not hold any documents that could be responsive to this request.

Plaintiff reserves the right to amend, modify and supplement this response.

26. All non-privileged text messages, e-mails, social media postings, social media messages, memoranda, correspondence or other documents between you and Yao Mei Liu concerning the allegations in the Complaint, your alleged employment at Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Shogun Japanese Steak House, Inc., and/or Tokyo III Steak House Inc, and/or the alleged damages that you are seeking.

    **Response:**
    Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome on the Plaintiff because it requests "all" documents that are time consuming and expensive on the Plaintiff to produce.

    Subject to the above objection and not withstanding it, Plaintiffs state he does not hold any documents that could be responsive to this request.

    Plaintiff reserves the right to amend, modify and supplement this response.

27. All text messages, e-mails, social media postings, social media messages, memoranda, correspondence or other documents between you and any third party concerning the allegations in the Complaint, and/or the alleged damages that you are seeking.

    **Response:**

Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome on the Plaintiff because it requests "all" documents that are time consuming and expensive on the Plaintiff to produce.

Subject to the above objection and not withstanding it, Plaintiffs state he does not hold any documents that could be responsive to this request.

Plaintiff reserves the right to amend, modify and supplement this response.

28. All documents concerning any administrative proceedings instituted by you based on any allegation in the Complaint.

   **Response:**
   Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome on the Plaintiff because it requests "all" documents that are time consuming and expensive on the Plaintiff to produce.

   Subject to the above objection and not withstanding it, Plaintiffs state he does not hold any documents that could be responsive to this request.

   Plaintiff reserves the right to amend, modify and supplement this response.

29. All documents concerning any loss of income, benefits, or any other financial loss that you claim was caused by Defendant.

   **Response:**
   Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome on the Plaintiff because it requests "all" documents that are time consuming and expensive on the Plaintiff to produce.

   Subject to the objection set out above and notwithstanding it, plaintiff States that he does not have any documents for the above request.

   Plaintiff reserves the right to amend, modify and supplement this response.

30. All documents that support your claim for damages alleged in the Complaint.

   **Response:**
   Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome on the Plaintiff because it requests "all" documents that are time consuming and expensive on the Plaintiff to produce.

   Subject to the objection set out above and notwithstanding it, plaintiff directs defendants to Plaintiff's document production and Plaintiffs video production.

   Plaintiff reserves the right to amend, modify and supplement this response.

31. All documents concerning your efforts to mitigate your damages alleged in the Complaint.