# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

-------------------------------------------------------------------x

CHUN LIN JIANG,
*on his own behalf and on behalf of others similarly situated*

                Plaintiff,

                v.

SHOGUN JAPANESE STEAK HOUSE, INC
    d/b/a Bisuteki Tokyo
    d/b/a Bisuteki Tokyo Japanese Steak House; and

                Defendant.

-------------------------------------------------------------------X

Case No. 21-cv-11732

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S SHOGUN JAPANESE STEAK HOUSE, INC'S FIRST SET OF INTERROGATORIES**

      Plaintiff CHUN LIN JIANG, by the undersigned counsel, Tiffany Troy of TROY LAW, PLLC, pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, hereby provides supplemental responses and objections to Defendant SHOGUN JAPANESE STEAK HOUSE, INC's first set of interrogatories as follows:

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

      **INTERROGATORY NO 1.** State your full name, date of birth, business address(es), business telephone number(s), residential address(es), residential telephone number(s), current cellular telephone number(s), and any instant messaging screenname(s) or username(s), e-mail address(es), and social or professional networking account name(s) or username(s), used by you at any time in the past 5 years.

      **RESPONSE NO 1:** Plaintiffs object to the above request on the grounds that such request falls outside the scope of discovery. To be discoverable, social or professional networking account must be relevant to the claims. Several courts have found that the contents of a plaintiff-employee's social media profile, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries during a relevant time period) are relevant and discoverable in employment cases which include claims of emotional distress, when they "reveal, [*9] refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state." *E.E.O.C. v. Simply Storage Mgmt., LLC* (270 F.R.D. 430, 435 (S.D. Ind. 2010)). Moreover, the court must now define the permissible scope of this type of discovery in cases like the above-captioned since "[i]t is reasonable to expect severe emotional or mental injury to manifest itself in some [social networking site] content ...." *Simply Storage*, 270 F.R.D. at 435. To that effect, the court agrees with other district courts' conclusion that social media content that is reflective of a person's emotional state is

relevant and discoverable when the same has been placed at issue. *Moll*, 2016 U.S. Dist. LEXIS 145254, 2016 WL 6095792 at *5 (citing *Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 U.S. Dist. LEXIS 24969, 2015 WL 893663, at *7 (E.D.N.Y. Feb. 25, 2015); *Reid v. Ingerman Smith LLP*, No. CV 2012-0307, 2012 U.S. Dist. LEXIS 182439, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012)).(*Rodriguez-Ruiz v. Microsoft Operations P.R., LLC*, No. 18-1806 (PG), 2020 U.S. Dist. LEXIS 39681 (D.P.R. Mar. 5, 2020)(ordering plaintiff to produce social media content because the defendant demonstrated plaintiff to have an emotional distress, or significant mental state that are reflected in plaintiff's social media and plaintiff's claims). Here, in this case, plaintiff do not claim any of emotional distress or produced a significant emotion, feeling or mental state that were shared to plaintiff's social media. Plaintiff only brought a wage and hour case in which plaintiff's right of the wage were violated by the defendant. Therefore, based on the permissible scope of the discovery, it will not lead to an admissible evidence because defendant did not demonstrate the relation between plaintiff's social media and plaintiff's claims.

Subject to the above objection and not withstanding it, plaintiffs state that plaintiff's full name is Chun Lin Jiang.

**SUPPLEMENTAL RESPONSE NO 1**: Plaintiff restates the above objections and further states as follows: Plaintiff has not used any other names other than Chun Lin Jiang as the official and legal name.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 3** Identify all persons whom you believe have knowledge, information, or documents regarding the claims asserted in this Action, describe the knowledge or information that you believe each such person has, and identify the document(s) that you believe each such person has.

**RESPONSE NO 3** Plaintiff objects to the above request on the grounds that the requested information is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objection and notwithstanding, plaintiff states that the names here would have knowledge or information regarding the defendants' practices and policies. The names are Mike, Leo, Xiami 虾米, Jenny, Ruben, Angelica, and Boba.

**SUPPLEMENTAL RESPONSE NO 3**: Plaintiff restates the above objections and further states as follows: The names are Mike, Leo, Xiami 虾米, Jenny, Ruben, Angelica, and Boba, Wendi Chen is likely to have more information about the allegations made in Plaintiff's Complaint. Plaintiff is not in possession of the addresses of the above-referenced names. Plaintiff states that the address of Yao Mei Liu is 206 Franklin St, Quincy, MA 02169.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 9** Identify all dates and times that you alleged to have

performed work at any of the following entities: Tokyo II Steak House, Inc., Kobe Japanese Steakhouse, Inc., Tokyo III Steak House Inc. and Shogun Japanese Steak House, Inc.

**RESPONSE NO 9** Plaintiff objects to this interrogatory on the grounds that the requested information is more readily available with the Defendants as it is their responsibility to maintain all the employment records including the above requested information. Plaintiff further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Subject to the above objections and not withstanding it, plaintiff states that he worked for defendants from on or about May 01, 2014 to June 03, 2021. At all times that plaintiff worked with defendants from on or about May 01, 2014, to June 03, 2021, plaintiff Chun Lin Jiang worked from 11:00 to 22:00, for eleven (11) hours per day Sunday through Thursday with one day off; and 11:10 to 23:00 for twelve (12) hours per day Friday and Saturday. Totally, plaintiff worked seventy and a quarter (70.25) hour per week.

**SUPPLEMENTAL RESPONSE NO 9**: Plaintiff restates the above objections and further states as follows: As stated in the Complaint, Plaintiff did not work from January 20, 2018 to June 30, 2018, and again from March 17, 2020 to June 17, 2020.

Plaintiff reserves the right to amend, modify or supplement this response.

**INTERROGATORY NO 14** Are you married to Yao Mei Liu. If you are married to Yao Mei Liu, identify the dates of your marriage, dates of separation (if any), and the date of divorce or termination of that marriage (if any).

**RESPONSE NO 14** Plaintiff objects to the above request on the grounds that the requested information is overbroad and unduly burdensome on Plaintiff because the requested information is time consuming and expensive on Plaintiff.

Plaintiff further objects this interrogatory on the grounds that such request is a form of violation to Plaintiff's right of privacy. "…unlawfully forced him to reveal information about his marriage, family life, family history, other personal relationships, as well as his innermost private thoughts. This is precisely the type of information which the constitutional right to privacy protects..." *See Whalen v. Roe*, 429 U.S. 589, 598-604 (1977); *Roe v. Wade*, 410 U.S. 113, 152-56 (1973). (*Daury v. Smith*, Civil Action No. 84-0314-F, 1987 U.S. Dist. LEXIS 6400 (D. Mass. July 15, 1987)).

**SUPPLEMENTAL RESPONSE NO 14**: Plaintiff restates the above objections and further states as follows: Plaintiff is married to Yao Mei Liu. Plaintiff refuses to answer the remaining question, except state that he is currently married to Yao Mei Liu.

Plaintiff reserves the right to amend, modify or supplement this response.

Dated: Flushing, New York

         TROY LAW, PLLC

*Attorneys for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*
<u>/s/ Tiffany Troy</u>
Tiffany Troy
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com
*Attorney for Plaintiff*

## VERIFICATION

I told Troy, Tiffany what to write in my Supplemental Response to the Defendants' First set of Requests for Interrogatories on April 19, 2023 in Mandarin Chinese language. Troy, Tiffany wrote down what I said in English. Troy, Tiffany then translated the English Response back to me in Mandarin Chinese language. I told Troy, Tiffany that I fully comprehend the contents of the document. I have signed it as it was translated to me in Mandarin Chinese language, and I confirm the truth and accuracy of each statement of my Response to the Defendants' First set of Request for Interrogatories in Mandarin Chinese.

Dated: April 19, 2023

_Chunlin Jiang_
Jiang, Chunlin

## DECLARATION

I, Troy, Tiffany, hereby declare the following, pursuant to 28 U.S.C. § 1746:

I am fluent in Mandarin Chinese and English. I have provided a true and accurate translation of the above document entitled, "Plaintiff's Supplemental Response to the Defendants' First set of Request for Interrogatories."

Jiang, Chunlin told me what to write in his responses on April 19, 2023 in Mandarin Chinese language. I wrote down what he said in English. I then translated the English Response back to Jiang, Chunlin in Mandarin Chinese language. Jiang, Chunlin told me that he fully comprehends the content of the document. He signed it as it was translated to him in Mandarin Chinese language, and Jiang, Chunlin confirmed the truth and accuracy of each statement in the Plaintiff's Supplemental Response to the Defendants' First set of Requests for Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 19, 2023
Flushing, New York

Troy, Tiffany

Sworn to me this 19ʰ day of April, 2023

_____
Notary Public

| JOHN TROY | AARON B. SCHWEITZER | TIFFANY TROY |
| --- | --- | --- |
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 02TR6121824 | No. 02SC6380865 | No. 02TR6419683 |
| Qualified in Queens County | Qualified in Nassau County | Qualified in Queens County |
| Commission Expires April 12, 2025 | Commission Expires September 17, 2026 | Commission Expires July 12, 2025 |

**Certificate of Service**

I, Tiffany Troy, an attorney duly admitted in the State of Massachusetts and in this court, hereby certify:

I have today served the annexed Plaintiff's Supplemental Responses to Defendants' First Set of Interrogatories to Plaintiffs by causing a copy to be sent *via* electronic mail to their attorney of record at the email address below:

Diane M. Saunders
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
diane.saunders@ogletreedeakins.com

Dated:   Flushing, New York
         April 21, 2023

TROY LAW, PLLC
 */s/ Tiffany Troy*
Tiffany Troy
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com
*Attorney for Plaintiff*
