UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUN LIN JIANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHOGUN JAPANESE STEAKHOUSE INC.,<br><br>Defendant. | Civil Action No.<br>21-11732-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**SAYLOR, C.J.**

This case is about employee claims for unpaid wages. Plaintiff Chun Lin Jiang formerly worked as a teriyaki chef at a number of Boston-area restaurants. In October 2021, he sued several restaurants and individuals for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148. In July 2022, this court dismissed the state-law claims and the claims for most of the defendants, except Shogun Japanese Steakhouse Inc.

Jiang contends that Shogun, although never his direct employer, is responsible as an employer under the FLSA based on an "integrated-enterprise" theory of liability. Shogun has moved for summary judgment, contending that theory does apply in the FLSA context, and even if it did, there is no triable issue of material fact as to Shogun's liability. For the following reasons, the motion will be granted.

I.     **Background**

Except where otherwise noted, the following facts are undisputed.[1]

A.     **Factual Background**

Shogun Steakhouse Inc. is a Japanese restaurant in Newton, Massachusetts. (Def. Statement of Undisputed Material Facts ("SOF") ¶ 1-2). Guanglong Lin is the president and part-owner of Shogun, along with at least three other Boston-area restaurants—Tokyo II Steak House Inc., Tokyo III Steak House Inc., and Kobe Steakhouse Inc. (*Id.* ¶ 1). Each restaurant is separately incorporated and are independently registered as corporations with the Massachusetts Secretary of the Commonwealth. (*Id.* ¶ 34).[2] Each maintains separate bank accounts and files separate tax returns. (*Id.* ¶¶ 32, 38). Each has separate insurance and worker's compensation policies. (*Id.* ¶ 39). As relevant here, Shogun maintains its insurance policies with different insurers than every other restaurant. (*Id.*). Each restaurant is overseen by its own manager and provides separate shuttles to transport its employees to their location. (*Id.* ¶¶ 21-23, 41-42).

Chun Lin Jiang worked at the Tokyo II and Kobe restaurants at various points between June 2014 and June 2021. (*Id.* ¶ 5). He never worked at Shogun or Tokyo III. (*Id.*). The parties dispute Jiang's precise employment status and the nature or amount of any payments he received while working at Tokyo II and Kobe, but they agree that he did work at those locations.

---

[1] In plaintiff's response to defendant's statement of undisputed facts, plaintiff's counsel repeatedly declined to admit or deny certain facts, asserting that they were "not material facts which require a response." (*E.g.*, Pl. Resp. to SOF ¶ 1). Because that response is not a denial, it could be deemed to be admitted under Local Rule 56.1 and Fed. R. Civ. P. 56(e). Even so, the Court will rely on the record submitted by the parties to determine whether a material fact is disputed. *See Velazquez-Ortiz v. Vilsack*, 657 F.3d 64, 66 (1st Cir. 2011) ("We recite the facts, *as supported by the record*, in the light most favorable to [plaintiff], and draw all reasonable inferences in [his] favor." (emphasis added)).

[2] Plaintiff asserts that the Court should not consider certain witness declarations submitted by defendant because they are signed electronically. (Pl. Opp'n at 5). That assertion—bordering on frivolous—is clearly contrary to Local Rule 5.4 and CM/ECF Administrative Procedures Section M.3, and the Court will disregard it.

B.      **Procedural Background**

On October 22, 2021, plaintiff filed suit on behalf of himself and other similarly situated employees. The complaint asserted claims against the four defendant restaurants, Guanglong Lin, and several other alleged shareholders and corporate officers of the restaurants. It asserted five causes of action against all defendants, including violations of Massachusetts wage laws and the FLSA. On July 22, 2022, this court dismissed all of the defendants, except Shogun, for plaintiff's failure to effect service of process. (ECF No. 32 at 17). It also dismissed the state-law claims. (*Id.*). The remaining claims against Shogun are for failures to pay the minimum wage (Count 1) and failures to pay overtime compensation (Count 4), both in violation of the FLSA.

Defendant has moved for summary judgment on the remaining claims on the ground that no evidence establishes an employer-employee relationship between plaintiff and defendant sufficient to confer liability under the FLSA.

**II.     Standard of Review**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant . . . would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (citation omitted). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse

party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986) (quotations omitted). The nonmoving party may not "rest upon mere allegation or denials of his pleading," but must "present affirmative evidence." *Id.* at 256-57.

## III. Analysis

Shogun has moved for summary judgment on the ground that there is no triable issue of fact that it was plaintiff's employer under the FLSA. It is undisputed that plaintiff worked at Tokyo II and Kobe, but he did not work at Shogun. Plaintiff contends, however, that Shogun was part of an integrated enterprise that included both Tokyo II and Kobe.[3] Shogun responds that the integrated-enterprise theory of liability is not the appropriate standard to establish FLSA liability and, regardless of the applicable standard, plaintiff cannot establish the employer-employee relationship critical for liability under the FLSA.

There are, therefore, two relevant questions to deciding the present motion: first, what is the legal standard defining employer-employee relationship under the FLSA, and second, whether plaintiff has produced sufficient facts to create a triable issue as to Shogun's liability under that standard.[4]

### A.   Employer Liability Under the FLSA

The FLSA provides broad and comprehensive coverage of employees. *United States v. Rosenwasser*, 323 U.S. 360, 362 (1945). Indeed, the Supreme Court has suggested that "[a]

---

[3] Parties dispute whether Jiang was an employee or a shareholder of those restaurants, but that question cannot be resolved at summary judgment and is inconsequential for determining the present motion.

[4] As the Court explained at the motion to dismiss stage, there are at least three legal frameworks that might be implicated by plaintiff's theory of liability: (1) "joint employer" liability, which generally applies when an employee has multiple simultaneous employers; (2) the definition of "enterprise" in the FLSA, which applies to determine whether there is FLSA jurisdiction, 29 U.S.C. § 203(r); and (3) the "integrated-enterprise test," which is used to determine liability under the National Labor Relations Act, among other statutes. Here, the dispute centers on whether the "integrated-enterprise test" applies to confer liability to defendant.

broader or more comprehensive coverage of employees . . . would be difficult to frame." *Id.* All the same, the statute's reach is not without limits. The FLSA applies only to those who are "employed" by an "employer." 29 U.S.C. § 207(a)(1). To "employ" is defined as "to suffer or permit to work." 29 U.S.C. § 203(g). An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Liability under the FLSA hinges on the existence of an employer-employee relationship.

Defining what level of relationship can confer liability under the FLSA, however, is not entirely settled. The First Circuit has held, in a case claiming violations of the FLSA, that "to determine whether an employment relationship exists for the purposes of federal welfare legislation, courts look not to the common law conceptions of that relationship, but rather to the economic reality of the totality of the circumstances bearing on whether the putative employee is economically dependent on the alleged employer." *Baystate Alt. Staffing Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998) (quotations omitted); *see also Maldonado v. Cultural Care Inc.*, 2020 WL 4352846, at *3 (D. Mass. July 29, 2020). That standard has been similarly applied by many other circuit courts. *See, e.g.*, *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006).

In other types of employment-related cases, courts have applied an "integrated-enterprise" test to determine "whether interrelated companies should be treated as one entity under the [NLRA], 29 U.S.C. § 164." *Romano v. U-Haul Int'l*, 233 F.3d 655, 662 (1st Cir. 2000); *see also Penntech Papers Inc. v. N.L.R.B.*, 706 F.2d 18, 25 (1st Cir. 1983). Under that framework, "an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part

5

of the single integrated employer." *Arculeo v. On-Site Sales & Mktg. LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995)). The test considers four factors: "(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership." *Romano*, 233 F.3d at 662. The First Circuit has adopted that test for determining employer liability in the context of the Americans with Disabilities Act, *Burnett v. Ocean Properties Inc.*, 987 F.3d 57, 65 (1st Cir. 2021); Title VII of the Civil Rights Act, *Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 40-42 (1st Cir. 2007); and the Family and Medical Leave Act, *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 4-5 (1st Cir. 2006). It has not, however, applied the test within the context of the FLSA. *Hamilton v. Partners Healthcare Sys. Inc.*, 209 F. Supp. 3d 379, 392 (D. Mass. 2016), *aff'd*, 879 F.3d 407 (1st Cir. 2018).[5]

As the Court noted in its memorandum and order on defendant's motion to dismiss, no circuit court has endorsed the "integrated-enterprise" test in an FLSA case, and district courts are split on the issue. *Compare, e.g.*, *Huang v. Sakura Mandarin Inc.*, 2022 WL 2052646, at *3-4 (E.D. Pa. June 7, 2022) (applying test), *with Hart v. Rick's Cabaret Int'l Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013) (rejecting test). One other judge in this district has considered the issue and determined that the "economic-reality" test is the applicable standard, not the "integrated-enterprise" test. *See Bah v. Enterprise Rent-A-Car Co. of Boston LLC*, 2020 WL 6701324, at *7 (D. Mass. Nov. 13, 2020) (Wolf, J.) (concluding that the integrated-enterprise theory "is not . . . the proper test for determining whether an employer may be held liable under the FLSA in the First Circuit").

---

[5] In *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012), the First Circuit refrained from addressing the argument that the defendants operated as a "joint employer" or "integrated enterprise" because the complaint did not allege a direct employment relationship with any of the named defendants.

To a certain extent, the two standards ask different questions. The "economic-reality" test is mainly focused on the relationship between a plaintiff and their direct employer. The "integrated-enterprise" test is mainly focused on the relationship between different entities, and whether they are sufficiently interrelated such that liability for one requires liability for the other. In any event, and whatever the comparative merits of the different tests, the First Circuit in *Baystate* has articulated what appears to be the relevant standard. The Court will therefore apply the "economic-reality" test to determine whether liability may be imposed on the non-employing entity.[6]

### B. Shogun's Liability

The next question is whether plaintiff has produced sufficient evidence to create a triable issue of fact that defendant was his "employer" within the meaning of the "economic-reality" test. The First Circuit in *Baystate* provided at least four factors relevant to that analysis: whether the "alleged employer (1) had the power to hire and fire the employee[]; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." 163 F.3d at 675. It "is the totality of the circumstances, and not any one factor, which determines whether a worker is the employee of a particular alleged employer." *Id.* at 676.

Plaintiff does not seriously assert that any of the *Baystate* factors are met here. He does not contend that anyone employed by Shogun had the power to hire or fire him, nor that Shogun controlled his work schedule or the conditions in other restaurants. There is no evidence that

---

[6] There may be some substantial practical issues by extending the "integrated-enterprise" test to FLSA cases, particularly in a case such as this where the direct employer is no longer party to the action. For example, the parties dispute whether plaintiff was a direct employee at all (plaintiff's counsel contends that the question is not relevant to this action, as neither of the alleged direct employers is a party). Were the case to proceed without a direct employer as a party, there would likely be problems in adjudicating employee status due to (for example) the availability of employment records, which are part of the "economic-reality" test but not necessarily the "integrated-enterprise" test.

Shogun ever paid him, or that any records of his purported employment are held by Shogun.  As the undisputed facts demonstrate, Shogun maintained separate managers, bank accounts, insurance policies and insurers, and paid its taxes separately.  (SOF ¶¶ 21-23, 32, 34, 38, 39).

Plaintiff's primary asserted link between Shogun and his direct employers is that Guanglong Lin controlled many operations at each of the restaurants that he partly owned. (Jiang Dep. at 78-79).  That is not enough to establish an employer-employee relationship between Shogun and plaintiff.  Mere common ownership, or even simultaneous control of multiple entities, is not sufficient to establish that any of those entities can be considered an "employer" under the FLSA.

The only other facts that plaintiff contends support his claim appear to focus on the alleged sharing of employees and inventory between different restaurants.  (*Id.* at 77-84).  But none of those factual assertions—even if true—support a finding that the "economic reality" of the situation was that Shogun was plaintiff's employer, only that it may have shared some connection to other entities that may in turn have qualified for that status.

Accordingly, plaintiff has not set forth sufficient facts to establish that, considering the totality of the circumstances, defendant Shogun was his employer within the meaning of the FLSA.  The motion for summary judgment will therefore be granted.

**IV.    Conclusion**

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. **So Ordered.**

Dated:  January 31, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

8